IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JoAn PRISCILLA KISSEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-03283-CV-S-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING ALJ

Plaintiff JoAn Kissee seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq*. Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g).

Plaintiff, now forty-eight, alleges she became disabled as of May 14, 2008, at the age of forty-five. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

### Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent

with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for benefits, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. 404.1520(a)-(f) and 416.920(a).

Plaintiff claims disability based on anxiety, back problems, xerostomia, and spastic esophagus. At Plaintiff's hearing, the administrative law judge ("ALJ") found that Plaintiff

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

suffers from the following severe impairments: anxiety and degenerative disc disease. After weighing the opinion evidence, discounting Plaintiff's credibility, and considering Plaintiff's medical history and daily living activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional limitations. Relying on the testimony of the vocational expert, the ALJ also determined that Plaintiff could perform work existing in significant numbers in the national economy, and therefore, was not disabled.

Plaintiff seeks review of the ALJ's decision, arguing that the decision to deny her social security benefits was in error. After reviewing the record as a whole, the Court finds that the ALJ properly discounted Plaintiff's complaints of severe disability and that the ALJ's decision is supported by substantial evidence.

**A. The ALJ properly assessed Plaintiff's credibility.**

In her letter to the Court, Plaintiff asserts that she should receive "disability social security benefits because [she] is unable to work due to physical and mental limitations" (Doc. 9). She also notes that she attempted to work at two different places of employment since her benefits were denied and was unsuccessful due to her health. Plaintiff made similar allegations during her hearing before the ALJ. However, the ALJ properly discounted Plaintiff's complaints of disabling pain and disorder because they were inconsistent with the objective medical evidence, Plaintiff's course of treatment, and her daily living activities.

The ALJ's credibility finding must be affirmed if it is supported by substantial evidence on the record as a whole. When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski*, 739 F.2d at

3

1322).  Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason."  *Finch*, 547 F.3d at 935.

Here, the ALJ properly considered inconsistencies between Plaintiff's subjective allegations of disability and the objective medical evidence.  *See* 20 C.F.R. § 404.1529(c)(2). Plaintiff, for example, testified that she had anxiety coupled with daily panic attacks.  Yet, she did not seek treatment for her anxiety disorder from a mental health professional during the relevant period of disability.  In addition, when Plaintiff did visit a psychologist in April 2009, the psychologist found no abnormal psychiatric findings, noting that Plaintiff "did not meet the criteria for a psychiatric diagnosis."  R. at 366-67.  Plaintiff also alleges disabling back pain. While an MRI of Plaintiff's thoracic spine in July 2008 showed kyphosis and degenerative changes, results also showed normal disc space height, no canal stenosis, disc displacement, herniation, protusion, or extrusion. R. at 234-35.  In addition, Plaintiff's gait was normal and she did not require an assistive device for walking.  R. at 13, 156, 379.  Furthermore, Plaintiff never saw a pain specialist, took pain medication, had surgery or injections, or sought treatment from an orthopedist during the period of alleged disability.  R. at 13, 194-425.

The record also indicates that Plaintiff failed to participate in physical therapy as recommended.  R. at 379-80.  "A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility." *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).  Although Plaintiff stated that she could not afford medical treatment, there is no indication she sought free or low-cost care at a community clinic, nor is there any evidence that she sought to arrange payment plans with her providers.

4

Finally, the ALJ properly considered how Plaintiff's daily activities were inconsistent with her allegations of disabling symptoms. Plaintiff noted that she was able to maintain household finances, wash dishes, do laundry, make the beds, iron, vacuum, sweep, take out the trash, cook, shop for groceries, read, watch television, and drive. R. at 12, 28-29, 35, 157-60, 379. Plaintiff also cared for her children, assisting her disabled son with bathing, dressing, eating, and taking medications. Although admirable, these acts are inconsistent with her assertion of disability. *See Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010).

Thus, the ALJ properly articulated the inconsistencies upon which she relied in discrediting Plaintiff's allegations regarding the extent of her limitations, and this finding is supported by substantial evidence in the record as a whole.

**B. Substantial evidence supports the ALJ's determination that Plaintiff could perform work that exists in significant numbers in the national economy.**

After properly analyzing Plaintiff's credibility and considering the record as a whole, the ALJ accurately determined Plaintiff's RFC in accordance with the impairments she found credible. R. at 12-15. *See* 20 C.F.R. § 404.1545. The ALJ determined that Plaintiff had the RFC to carry ten pounds frequently and five pounds occasionally; to stand or walk for a total of two hours, and for thirty minutes continuously, in an eight-hour work day; and to sit six to eight hours in a work-day, with the ability to alternate between sitting and standing at intervals of thirty minutes to one hour. R. at 12. The ALJ also found that Plaintiff should avoid climbing or exposure to significant, unprotected heights and potentially dangerous or unguarded moving machinery; could not drive commercially; should avoid exposure to extreme vibration; and required climate control and an even surface for standing or walking. Furthermore, Plaintiff could perform only jobs with simple, repetitive instructions, up to three steps, and could have no

5

Case 6:11-cv-03283-DGK   Document 11   Filed 05/21/12   Page 5 of 7

more than minimal contact with co-workers and supervisors and no contact with the public.  R. at 12.

An ALJ must base her RFC determination on all evidence of record.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  Although an RFC is a medical determination, in making this determination the ALJ must rely not only on medical evidence but on all relevant, credible evidence.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

In her decision, the ALJ discussed all the medical evidence and the weight accorded each opinion.  Specifically, the ALJ noted that Plaintiff's RFC reflected limitations due to her anxiety, which included mild limitations in activities of daily living, moderate limitations in social functioning, moderate limitation in concentration, persistence, and pace, and no episodes of decompensation of extended duration.  The ALJ accounted for these limitations by limiting Plaintiff to simple, repetitive work, with no public contact and only minimal contact with co-workers and supervisors.  The ALJ also relied on her assessment of Plaintiff's credibility and evidence of her daily living activities.  Accordingly, the ALJ properly determined Plaintiff's RFC, considering all the evidence of record, and therefore, the Court must uphold her determination.

The ALJ also properly incorporated those impairments she found credible in posing the hypothetical question to the vocational expert ("VE").  *See Gragg v. Apfel*, 615 F.3d 932, 940 (8th Cir. 2010).  In response to the hypothetical question containing Plaintiff's RFC, the VE testified that such an individual would be capable of performing work available in significant numbers in the national economy, including work as an administrative support worker and table worker.  Thus, the ALJ's hypothetical question was properly formulated, and the ALJ relied

upon the VE's testimony in determining that Plaintiff could perform work that exists in significant numbers in the national economy. Accordingly, the ALJ's decision is affirmed.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  May 21, 2012                                         /s/ Greg Kays
                                                                             GREG KAYS, JUDGE
                                                                             UNITED STATES DISTRICT COURT